UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ELIMAR DEL VALLE,

    Plaintiff,                                         **JURY TRIAL DEMANDED**

v.

ANA ELVIRA SALCEDO LOAIZA, an individual, and
RABIE BOU GHANNAM JAUHARI, an individual,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, ELIMAR DEL VALLE ("DEL VALLE"), by and through her undersigned attorney, files this, her Complaint for Damages against ANA ELVIRA SALCEDO LOAIZA, an individual, (hereinafter "SALCEDO LOAIZA"), and RABIE BOU GHANNAM-JAUHARI, an individual, (hereinafter "GHANNAM JAUHARI"), and states as follows:

**INTRODUCTION**

1. This is an action to recover minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). The Plaintiff also alleges a breach of contract claim for unpaid wages pursuant to Florida law.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the Defendants, SALCEDO LOAISA and GHANNAM JAUHARI employed Plaintiff, DEL VALLE as a domestic servant under the FLSA. Pursuant to Section 206(f) of the FLSA, the Plaintiff, as an employee in "domestic service," is covered by the FLSA's minimum wage guarantees.

## VENUE

3. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

   b. Defendants are and continue to be employers in Miami-Dade County.

## PARTIES

4. At all times material hereto, Plaintiff, DEL VALLE, was an "employee" of the Defendants within the meaning of the FLSA.

5. At all times material hereto, Defendants, SALCEDO LOAISA and GHANNAM JAUHARI were the employers of Plaintiff within the meaning of the FLSA.

6. Plaintiff, DEL VALLE has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

7. From about October 15, 2016 through about February 18, 2017, Plaintiff, DEL VALLE worked as a live-in babysitter in the Defendants' home; however, Plaintiff performed no work for the Defendants from about December 2, 2016 to December 19, 2016. The Plaintiff's job was to take care/babysit the Defendants' children as a domestic servant.

8. At about the commencement of the Plaintiff's employment, she and the Defendants entered into an Agreement (the "Agreement") where the Plaintiff was to be paid $9.00 per hour for all hours worked up to 40 hours in a week, and $13.50 per hour for all hours worked in excess of 40 hours per week. See **Exhibit A**.

9. During each of the weeks the Plaintiff worked for the Defendants, she worked each day from about 5:00 a.m. to about 10:30 p.m., seven days per week—or, about 122.5 hours per week.

10. For the weeks the Plaintiff worked between October 15, 2016 to December 17, 2016, the Defendants paid the Plaintiff $1,000.00 on December 17, 2017, thereby paying the Plaintiff below the applicable minimum wage, and in a manner inconsistent with the Parties' Agreement.

11. For the weeks the Plaintiff worked from December 20, 2016 to February 18, 2017, the Defendants paid the Plaintiff $900.00 on February 18, 2017, thereby paying the Plaintiff below the applicable minimum wage, and in a manner inconsistent with the Parties' Agreement..

12. Defendants, SALCEDO LOAISA and GHANNAM JAUHARI knowingly, willfully and maliciously had a policy of not paying wages in conformance with the FLSA, and the Agreement, to the Plaintiff.

13. Defendants, SALCEDO, LOAISA and GHANNAM JAUHARI were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

14. Defendants, SALCEDO LOAISA and GHANNAM JAUHARI were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, DEL VALLE.

15. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

# STATEMENT OF CLAIM:

## COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

16. Plaintiff realleges Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

18. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

19. Plaintiff worked hours for the Defendants for which she was paid below the statutory minimum wage.

20. The Defendants' failure to pay Plaintiff the proper minimum wage was willful.

21. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION
## (FLORIDA MINIMUM WAGE AMENDMENT)

22. Plaintiff realleges Paragraphs 1 through 15 as if fully stated herein.

23. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

24. During the Plaintiff's employment, Defendants willfully and maliciously paid her less than the statutory minimum wage for all of her work hours.

25. WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Requiring Defendants to pay $1,000.00 to the State of Florida for each willful violation;

g. Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

## BREACH OF CONTRACT FOR UNPAID WAGES

26. Plaintiff, DEL VALLE realleges Paragraphs 1 through 15 as if fully stated herein.

27. The Plaintiff and Defendants entered into a contract involving wages to be paid to the Plaintiff. See **Exhibit A**.

28. The Defendants breached the Agreement by failing to pay the Plaintiff wages to which she was entitled in the Agreement.

29. The Plaintiff has suffered damages as a result of the Defendants' breach of the Agreement.

30. WHEREFORE, Plaintiff, DEL VALLE, respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that Defendants breached their Agreement with the Plaintiff.

    b.    Awarding Plaintiff all wages due, other damages and equitable relief;

    c.    Awarding Plaintiff attorney's fees and costs and expenses of this litigation pursuant to Section 448.08 Florida Statutes;

    d.    Awarding Plaintiff prejudgment and post-judgment interest;

    g.    Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 10, 2017.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, Florida 33020
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: /s/. Peter J. Bober
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248